PENNSYLVANIA NATIONAL MU-
TUAL CASUALTY INSUR-
ANCE COMPANY

v.

John D. ST. JOHN and Kathy M. St.
John, Individually and d/b/a Thunder
Valley Farm and LPH Plumbing and
Heating, LLC and Stoltzfus Welding
and Repair.

Petition of John D. St. John
and Kathy M. St. John.

Supreme Court of Pennsylvania.

Oct. 1, 2012.

### ORDER

PER CURIAM.

AND NOW, this 1st day of October, 2012, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

 a. Did "manifestation" of the "property damage" to the St. Johns' dairy herd take place in late March 2006 when the cows were concurrently observed thrashing their heads about in their water bowls, refusing to drink, and giving dramatically less milk; rather than, as held by the trial court, in April 2004 based on a mere economic downturn from a decrease in milk production?

 b. Does "manifestation" of "property damage" for purposes of triggering a commercial general liability insurance policy take place only after the injured party has the ability to ascertain the source of injury or damage is traceable to something out of the ordinary and usual course of events for which another may bear responsibility?

 c. Does the "multiple trigger" theory of liability insurance coverage adopted by the Pennsylvania Supreme Court in *J.H. France Refractories Co. v. Allstate Ins. Co.*, 534 Pa. 29, 626 A.2d 502, 507 (1993), apply to cases presenting continuous, progressive "property damage," so that all policies on the risk from exposure to the harmful condition through "manifestation" of the injury are triggered?

CITY OF PHILADELPHIA

v.

PHILADELPHIA TRANSLOAD & LO-
GISTICS, LLC, f/k/a Southwest Demo-
lition Recovery, LLC, Carmine Franco
and Mary Franco

Petition of: Philadelphia Transload &
Logistics, LLC, f/k/a Southwest
Demolition Recovery, LLC.

Supreme Court of Pennsylvania.

Oct. 2, 2012.

### ORDER

PER CURIAM.

AND NOW, this 2nd day of October 2012, the Petition for Allowance of Appeal is **GRANTED**. The issue, as stated by petitioner, is:

Can a mortgagee who takes ownership of real property by deed in lieu of foreclosure, during the period when a municipal lien arising from its mortgagor's debt for gas services was lost due to a municipality's failure to timely file the lien, enforce the three-year statute of limitation on municipal liens set forth in Section 7143 of the Municipal Claims Act, notwithstanding the provision of Section 7432 that permits municipalities to revive lost municipal claims against their debtors at any time?